1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RICHARD BEHFARIN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRUCO LIFE INSURANCE COMPANY, et al.<br><br>Defendants | Case No. 2:17-cv-05290-MWF-FFM<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARD** |

The above-entitled matter came before the Court pursuant to Plaintiff Richard Behfarin's Motion for Final Certification of Settlement Class and Final Approval of Proposed Nationwide Class Settlement Agreement, and Approval of Notice Under Fed. R. Civ. P. 23(e) and (g) ("Settlement Motion") (Docket No. 98) and Plaintiff's Motion for Attorney Fees and Costs and Incentive Award for Class Representative ("Fee Motion") (Docket No. 92). The Court has received no objections to the Settlement. The Court determines that the Settlement is fair, adequate, and reasonable.

Good cause appearing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     For purposes of this Order, the Court adopts and incorporates all definitions and exhibits set forth in the Settlement Agreement and the Court's Preliminary Approval Order (Docket No. 87) unless a different definition is set forth in this Order.

2.     The Court finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just reasonable and adequate to the Settlement Classes and its members.

3.     The Court specifically approves the process by which Settlement Class Members who are Authorized Claimants for Reinstatement Relief will receive notice and information regarding the amounts that will need to be paid to reinstate the Policy (the "Reinstatement Amount"), and specifically approves the model form of policy illustration which will be provided for settlement purposes only, solely to aid the Authorized Claimant in understanding the premium amounts that may be required (on a guaranteed as well as non-guaranteed basis) to keep the Reinstated Class Policy in force, so that the Authorized Claimant can make an informed decision regarding whether to pursue reinstatement under the terms of the Settlement.  (*See* Settlement Exhibit C (revised), inclusive of appendices).  Actual amounts due to keep the policy in force may differ from illustration values.  The settlement illustration will show the amounts required to keep the policy in force through the policy's premium period based on non-guaranteed values that are derived from using both current charges and interest crediting assumptions.  The Parties are authorized to make adjustments to the notice and model form as may be necessary for purposes of accuracy in light of differences between Class Policies or as otherwise may be needed by Prudential for operational

1   reasons.

2       4.      The Court further finds that the Settlement Agreement

3   substantially fulfills the purposes and objectives of the class action, and

4   provides substantial relief to the Settlement Class without the risks, burdens,

5   costs or delays associated with continued litigation, trial and/or appeal.  The

6   Settlement is not a finding or admission of liability by the Defendants or any

7   other person, nor a finding of the validity of any claims asserted in the Action

8   or of any wrongdoing or any violation of law.

9       5.      The following Settlement Class shall be finally certified pursuant

10  to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), for settlement

11  purposes only:

12      All Policyowners of Class Policies and, where all Policyowners and
13      insureds of a Class Policy are deceased, then also any designated
14      beneficiary(s) of that Class Policy at the time of final lapse.

15      Class Policies include all individual universal life or variable
16      universal life insurance policies issued by a Defendant as to which
        Guaranteed Charges were applicable to the calculation of the
17      deficiency and/or reinstatement amount, and which policy either
        entered into default or lapsed between July 18, 2013 and November
18      26, 2019, or which had default cured or was reinstated on or after
19      July 18, 2013 and remains in force on November 26, 2019.

20  For avoidance of doubt, all Class Policies are part of the Settlement Class.

21      6.      For the reasons set forth in this Court's Preliminary Approval

22  Order, each of the prerequisites for settlement, voluntary dismissal, or

23  compromise under Fed R. Civ. P. 23(e) have been satisfied.

24      7.      This Court finds that the Claims Administrator caused notice to

25  be disseminated to the Class in accordance with the plan to disseminate Notice

26  outlined in the Settlement Agreement and the Preliminary Approval Order,

27  and that Notice was given in an adequate and sufficient manner and complies

28  with Due Process and Fed. R. Civ. P. 23.

8.      In addition, the Court finds that Defendants fully satisfied their obligations of providing Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice, as set forth in the Defendants' Notice of Compliance with 28 U.S.C. § 1715, filed on November 1, 2019 (Docket No. 84.)

9.      The Court has considered and finds Class Counsel and the Class Representative have adequately represented the Class.  Plaintiff, by and through his counsel, has investigated the pertinent facts and law, has engaged in discovery, and has evaluated the risks associated with continued litigation, class certification, trial, and/or appeal.  The Court finds that the Settlement Agreement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

10.     The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

11.     The Court has been informed that no objections to the Settlement Agreement were submitted in accordance with the requirements of the Class Notices and the Preliminary Approval Order.

12.     The Court has been further informed that two (2) persons have submitted timely requests to be excluded from the Settlement Class in accordance with the requirements of Notices and the Preliminary Approval Order.

13.     The Court has evaluated this overall reaction of the Class to the Settlement, and finds that the overall acceptance of the Settlement Agreement

by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

14.     The method of Claims processing, the Claim Forms, the Scoring Guidelines and Reinstatement Guidelines, as well as the overall process of Claims Administration are all fair and reasonable and facilitate the filing of legitimate claims.  The Settlement appropriately apportions relief among Settlement Class Members, taking into account differences among their claims.  The Court specifically approves the method of distribution of Settlement Payments in accordance with the hierarchy set forth in the Settlement Agreement and Scoring Guidelines as fair, reasonable and in the best interests of the Class.

15.     The Court further finds that it is fair and reasonable to require that all Authorized Claimants warrant that they are the proper party to receive relief under the Settlement Agreement and that they assume all responsibilities and liabilities associated with distribution of any Settlement Payment, including making any payments that may be owed to others, without recourse to the Court, the Claims Administrator, Plaintiff, Defendants, the Releasing Parties, the Releasees, Class Counsel or Counsel for Defendants, or experts or consultants to any of them.  All aforementioned Settlement Payments made pursuant to the Settlement Agreement shall not be considered or treated as a death benefit payment (or any other type of payment) under the terms of a Class Policy or otherwise.

16.     Epiq Class Action & Claims Solutions, Inc. is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement.  The Claims Administrator is directed to process all Authorized Claims in accordance with the Settlement Agreement.   Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable

procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

17.     The Claims Administrator shall administer the Escrow Account, which is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  The Claims Administrator, as administrator of the fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Escrow Account.  The Claims Administrator shall also be responsible for causing payment to be made from the Escrow Account of any Taxes and Tax Expenses owed.  None of the Releasees, Plaintiff, Class Counsel or Counsel for Defendants shall have any liability or responsibility for any such Taxes or Tax Expenses, or any required filings regarding same.  The Claims Administrator shall also issue any 1099s to Settlement Class Members as to whom payment is issued on claims for Individual Relief pursuant to the Settlement, but only to the extent required by law.

18.     There shall be no recourse to any Defendant, Releasee, Released Party or their counsel, or to the Class Representative or Class Counsel, or to the Claims Administrator or to this Court, for any determination made by the Claims Administrator pursuant to its responsibilities under the Settlement Agreement.

19.     The Hon. William J. Cahill (Ret.) of JAMS, San Francisco, California, is finally appointed to serve as the Special Master as provided for in the Settlement Agreement and the Scoring Guidelines with respect to Authorized Claims for Individual Relief.  All reasonable fees, costs, and expenses of the Special Master shall be paid as provided in the Settlement

Agreement and the Scoring Guidelines.

20.    The Special Master's determinations of any Limited Appeal will be final, and not subject to any challenge or further appeal.  The Settlement Class and Defendants waive any right of recourse to the Court for purposes of challenging any Limited Appeal decision by the Special Master.

21.    As provided by the Settlement Agreement and now directed by this Court, the Releasing Parties include Plaintiff and Settlement Class Members who do not validly and timely opt out of the Settlement Class, all beneficiaries of Class Policies, and with respect to each Class Policy, all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, agents, consultants, officers, partners, principals, members, attorneys, accountants, financial and other advisors, shareholders, investment advisors, and legal representatives.

22.    As provided by the Settlement Agreement and now directed by this Court, the Releasees include Pruco Life Insurance Company, The Prudential Insurance Company of America and Pruco Life Insurance Company of New Jersey, individually and collectively, and all of their current, former and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, employees, agents, independent contractors, brokers, representatives, attorneys, heirs, administrators, executors, predecessors, successors and assigns, or any of them.

23.    Plaintiff, the Settlement Class, and the Releasing Parties: (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Plaintiff's and the Settlement Class' claims against each and every one of the Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly or

indirectly, any of the Releasees with respect to any or all of the Released Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, or before any administrative body (including any state Department of Insurance or other regulatory commission) whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims.

24.    As provided by the Settlement Agreement and now directed by this Court, the Released Claims include all claims that have been, could have been, may be or could be alleged or asserted in this Action regarding or concerning directly or indirectly any Class Policy, by anyone, including Plaintiff, any Settlement Class Member, or any Releasing Party, against any of the Releasees (individually or together) either in the Action or in any other court action or before any administrative body (including any state Department of Insurance or other regulatory commission), tribunal or arbitration panel, and that are made on the basis of, connected with, arising out of, or related to, in whole or in part, claims that were raised or that could have been raised in the Action, which include without limitation those regarding:

(i)     Any or all of the acts, omissions, facts, matters, transactions or occurrences that were directly or indirectly alleged, asserted, described, set forth or referred to in the Action;

(ii)    The amount of monies or other requirements that were requested by or on behalf of Defendants in order to keep a Class Policy that has entered default in force or to reinstate a Class Policy after lapse including, but not limited to, premium and all fees, charges and other monies, verifications or documentation requested;

(iii)   Claims, acts or omissions regarding the method of, and/or

administration of, and/or communication regarding, the calculations by or on behalf of Defendants of the amount of monies that were requested, including in order to keep a Class Policy that has entered default in force or to reinstate a Class Policy after lapse, and including but not limited to premium, fees, charges and other monies or requirements.  This includes but is not limited to any and all claims regarding:

(a) premiums;
(b) cost of insurance charges, rates and assumptions;
(c) administrative fees or loads;
(d) underwriting or other requirements; and/or
(e) other policy costs.

(iv)    Claims regarding Defendants' policies and procedures concerning default, grace periods, lapse or reinstatement, including, but not limited to, claims concerning communications, notices, absence or omission of communications or specific information regarding grace periods, default or lapse, or the timing thereof, and claims relating to notice to identified third parties, including, but not limited to, any claims made under any state's law, regulation or administrative directive; and

(v)    Claims related to Defendants' declination or refusal of an attempt to cure a default or reinstate a Class Policy, for any reason.

25.    Plaintiff, the Settlement Class including all Class Policies, and the Releasing Parties shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, this Order and Judgment and the Releases provided for herein and in the Settlement Agreement.  This Order shall forever be binding and shall have res judicata and claim preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiff, the Settlement Class including all Class Policies and the Releasing Parties, as well as their heirs, executors, administrators, successors and assigns.

26.     Plaintiff, the Settlement Class including all Class Policies and the Releasing Parties, as well as their heirs, executors, administrators, successors and assigns, and all persons acting on behalf of or in concert with any of the above, shall forever be barred and enjoined from, whether directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, or before any administrative body (including any state Department of Insurance or other regulatory entity) whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims or is based upon or arises out of the facts and circumstances underlying the claims and causes of action in this lawsuit.  The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.  This Order may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the terms of this paragraph.

27.     Any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel or other representative representing or assisting Plaintiff or any Settlement Class Member (including providing counsel or advice to Claimants), or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement and/or the Released Claims, are released and waived and shall not be tendered to Defendants or reimbursed except to the extent otherwise specified by Orders of this Court.

28.     All Settlement Class Members and all Class Policies as to which a Claim was submitted in the Settlement shall be bound by the Settlement and Release and the bar order contained herein, even if a request for exclusion was

also served.  The submission of a Claim on behalf of a Class Member or Class Policy shall be deemed to nullify any attempt to opt out of the Settlement. Any such Settlement Class Member and any Class Policy as to which exclusion is not sought, shall not be entitled to receive any payment or benefits pursuant to the Settlement, but will otherwise be bound by all of its terms including the terms of this Order and Judgment, and will be barred from bringing any action (or having any action brought on his/her/its behalf) against any of the Released Parties concerning the Released Claims.

29.    Claims documents in this case, and all materials and data held by the Claims Administrator regarding Defendants' Policyowners, Class Policies and/or the Settlement Class shall be strictly confidential and not subject to publication or disclosure.  No person other than the Parties and their counsel, the Claims Administrator, the Special Master and the Court shall be permitted to obtain or review any Claim Form, or any decision of the Claims Administrator with respect to accepting or rejecting any Claim, except as provided for herein or upon Court Order for good cause shown.

30.    Notwithstanding anything else in this Order, if the Claims Administrator or any Party has reason to believe that a false or fraudulent Claim has been submitted in this Settlement, or that any Claim has been submitted under false pretenses, or contrary to the required Certifications, the Claims Administrator may reject the Claim and shall bring any such situation to the attention of the Parties.  In addition, either Party may bring any such Claim(s) and all evidence relating thereto to the attention of the Special Master and/or this Court and request that the Claim be investigated by the Parties and/or be directly set aside and not honored in this Settlement, and/or that the Claimant(s) shall be limited to Basic Relief, and may further request any other relief that is equitable and proper under the circumstances.

31.    As set forth in the Settlement Agreement, Defendants have

denied, and continue to deny, any wrongdoing or liability of any kind relating to the Action or any of subject matter addressed by the Release.  Neither this Order, nor any provisions of the Settlement Agreement including the exhibits thereto (inclusive of any modification(s)), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement including any arguments proffered in connection therewith: (a) shall be offered against any of the Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasees with respect to the truth of any allegation in the Action or the validity of any claim or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including the appropriateness of the certification of a litigation class, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Releasees, nor shall it be in any way referred to for any other reason as against any of the Releasees, in any civil, criminal or administrative action or proceeding; or (b) shall be construed against any of the Releasees or Releasing Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that, notwithstanding the foregoing, the Parties and the Releasees and their respective counsel may file or refer to the Settlement Agreement or this Order in any action that may be brought to enforce its terms.

32.     The Court hereby finds the unopposed application of Class Counsel for attorneys' fees award and costs provided for under the proposed Settlement to be fair and reasonable in light of all the circumstances is hereby granted.  $3,500,000 (17.89% of the estimated value of the Settlement) shall be paid for attorneys' fees and $500,000 shall be paid for litigation costs.  The

1   Court directs Defendants to pay these sums directly to Class Counsel within

2   10 days of this Order becoming final and following receipt of an IRS Form W-

3   9 and wire instructions from Class Counsel.

4        33.    Engstrom, Lipscomb & Lack will determine the amount of fees

5   and expenses approved by the Court to be paid to other Plaintiff's Counsel,

6   subject to any written agreements between or among them.  Disagreements, if

7   any, between or among Plaintiff's Counsel relating to the Court's award of

8   fees and expenses, or of their individual shares of such an award, will be

9   determined by the Court, which will retain sole and exclusive jurisdiction to

10  resolve any such disagreements, subject to any agreement by the disputing

11  counsel to arbitrate.  Disagreements between or among Plaintiff's Counsel will

12  have no impact on the effectiveness or the implementation of this Settlement,

13  nor will such disagreements have any impact on or result in any increase of the

14  obligations imposed upon defendants by this Order.

15       34.    The Court finds the requested incentive award of $50,000 to

16  Named Plaintiff Richard Behfarin to be excessive.  However, the Court

17  approves payment of an incentive award in the amount of $25,000 to Named

18  Plaintiff.  Apart from this incentive award, Plaintiff will receive no settlement

19  payments or benefits of any nature other than his share of the Settlement relief

20  available to the Settlement Class generally.  The Court directs Defendants to

21  pay this incentive award to Engstrom, Lipscomb & Lack in trust for Plaintiff

22  within 10 days after this Order becoming final and following receipt of wire or

23  check mailing instructions.

24       35.    The Action is hereby dismissed with prejudice in its entirety,

25  except to the extent that this Court has maintained continuing jurisdiction.

26  Except as expressly granted by this Order and as set forth in the Settlement

27  Agreement, it is adjudged that Plaintiff and all Settlement Class Members take

28  nothing by reason of the Action against Defendants, and their claims are

hereby dismissed with prejudice.

36. Without affecting the finality of this Order, the Court reserves exclusive jurisdiction as to all matters related to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, including, without limitation, for the purpose of:

a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Order (including, without limitation, whether a person or entity is or is not a Class member and whether any complaint, claim, demand, cause of action or administrative complaint is or are not barred or released by this Order and the Settlement Agreement);

b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Order and the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction.

37. Upon completing of administration of the Settlement Agreement, the parties shall file a declaration setting forth (1) the total number of claims submitted; (2) the total number of claims approved; and (3) a summary and amount of the relief granted.  These numbers should be broken out by group and by requested relief.

IT IS SO ORDERED.

DATED: June 3, 2020

_____

MICHAEL W. FITZGERALD

United Stated District Judge